UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------X

LEEZA GARG,                                           **Case No: 2:15-CV-07296 (ES) (MAH)**
                          Plaintiff,

          -against-                                                       **ANSWER**

TEXTILES FROM EUROPE, INC.,
Individually and d/b/a VICTORIA
CLASSICS, TOBY COHEN Individually
and JOSEPH COHEN, Individually,

                          Defendants
------------------------------------------------------X


          The Defendants, by their attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, as
and for their Answer to the Subject Complaint, set forth the following:

1.       Neither admit nor deny the allegations of Paragraph 1 of the Subject Complaint as they
         are not allegations of fact, but rather prayers for relief and/or legal conclusions.  As to
         any allegations of fact made therein, they are denied.

2-7.     Lack knowledge or information sufficient to form a belief as to the truth of the
         allegations of Paragraphs 2-7 of the Subject Complaint.

8-12.    Admit the allegations of Paragraphs 8-12 of the Subject Complaint.

13-14.   Deny the allegations of Paragraphs 13-14 of the Subject Complaint.

15.      Lack knowledge or information sufficient to form a belief as to the truth of the
         allegations of Paragraph 15 of the Subject Complaint.

16.      Admit the allegations of Paragraph 16 of the Subject Complaint.

17.      Lack knowledge or information sufficient to form a belief as to the truth of the
         allegations of Paragraph 17 of the Subject Complaint.

18.      Deny the allegations of Paragraph 18 of the Subject Complaint.

19.      Admit the allegations of Paragraph 19 of the Subject Complaint.

20-25.   Lack knowledge or information sufficient to form a belief as to the truth of the
         allegations of Paragraphs 20-25 of the Subject Complaint.

26.   Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Subject Complaint.

27.   Deny the allegations of Paragraph 27 of the Subject Complaint, except to admit that as Ms. Garg proved unwilling or unable to perform the duties of her position in a competent and professional manner, Toby Cohen began to assign duties Plaintiff should have handled to other employees who were willing and able to perform said duties.

28-33. Deny the allegations of Paragraphs 28-33 of the Subject Complaint.

34.   With respect to the allegations of Paragraph 34 of the Subject Complaint, Defendant repeats and reiterates each response set forth herein to each paragraph mentioned therein as though set forth at length herein

35.   Neither admit nor deny the allegations of Paragraph 35 of the Subject Complaint as they are not allegations of fact, but rather prayers for relief and/or legal conclusions.  As to any allegations of fact made therein, they are denied.

36.   Deny the allegations of Paragraph 36 of the Subject Complaint.

37.   Neither admit nor deny the allegations of Paragraph 37 of the Subject Complaint as they are not allegations of fact, but rather prayers for relief and/or legal conclusions.  As to any allegations of fact made therein, they are denied.

38.   With respect to the allegations of Paragraph 38 of the Subject Complaint, Defendant repeats and reiterates each response set forth herein to each paragraph mentioned therein as though set forth at length herein

39.   Neither admit nor deny the allegations of Paragraph 39 of the Subject Complaint as they are not allegations of fact, but rather prayers for relief and/or legal conclusions.  As to any allegations of fact made therein, they are denied.

40.   Deny the allegations of Paragraph 40 of the Subject Complaint.

41.   With respect to the allegations of Paragraph 41 of the Subject Complaint, Defendant repeats and reiterates each response set forth herein to each paragraph mentioned therein as though set forth at length herein.

42.   Neither admit nor deny the allegations of Paragraph 42 of the Subject Complaint as they are not allegations of fact, but rather prayers for relief and/or legal conclusions.  As to any allegations of fact made therein, they are denied.

43-45. Deny the allegations of Paragraphs 43-45 of the Subject Complaint.

46.     With respect to the allegations of Paragraph 46 of the Subject Complaint, Defendant repeats and reiterates each response set forth herein to each paragraph mentioned therein as though set forth at length herein.

47.     Neither admit nor deny the allegations of Paragraph 47 of the Subject Complaint as they are not allegations of fact, but rather prayers for relief and/or legal conclusions. As to any allegations of fact made therein, they are denied.

48.     Deny the allegations of Paragraph 48 of the Subject Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff cannot, in whole or in part, maintain claims against the individual Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2.      The Plaintiff failed to exhaust her internal administrative remedies.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.      Failure to Mitigate.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff was separated from employment with for legitimate, non-pretextual, business reasons.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.      Defendant maintained a well promulgated policy for the investigation and cessation of unlawful discrimination, Plaintiff failed to avail herself of same.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's "unclean hands" bar the prosecution of the claim for equitable relief.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7.      The doctrine of after acquired evidence bars, in whole or in part, any right to recovery by the Plaintiff.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8.      All decisions made by Defendants with respect to Plaintiff and all actions taken with respect to her employment were made without malice, ill will, fraud, oppression or any other improper motive.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend its answer during the course of this action. Defendants also reserve the right to assert such additional defenses as may appear and prove applicable during the course of this action and/or hearing.

**WHEREFORE**, having fully answered Plaintiff's allegations, Defendants respectfully request the dismissal of the Complaint, with prejudice, an award of costs, and such other and further relief as the Court deems just and proper.

Dated: Mineola, New York
      October 20, 2015

<div style="margin-left:40%;">

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP
*Attorneys for Defendants*

By: _____
        /Richard M/Howard

190 Willis Avenue
Mineola, New York 11501
(516) 747-0300

</div>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------X

LEEZA GARG,                                                    Case No: 2:15-CV-07296 (ES) (MAH)
                                    Plaintiff,

            -against-                                          **AFFIDAVIT OF SERVICE**

TEXTILES FROM EUROPE, INC.,
Individually and d/b/a VICTORIA
CLASSICS, TOBY COHEN Individually
and JOSEPH COHEN, Individually,

                                    Defendants.
-----------------------------------------------------X

STATE OF NEW YORK)
                                 ) ss.:
COUNTY OF NASSAU )

        Veronica DeVito, being duly sworn, deposes and says:  I am not a party to this action; I
am over 18 years of age; and I reside in Nassau County, New York.

        On October 20, 2015, I served a true and correct copy of an **ANSWER** on behalf of
Defendants by depositing a true and correct copy of same enclosed in a post-paid, properly
addressed wrapper, in a post-office/official depository under the exclusive care and custody of
the United States Postal Service within the State of New York upon:


**Erica L. Shnayder, Esq.**
**Arcé Law Group, PC**
**30 Broad Street, 35th Floor**
**New York, NY 10004**

                                                            _Veronica DeVito_
                                                            Veronica DeVito

Sworn to before me this
20th day of October, 2015.

_Eileen P. Rajecki_
    Notary Public

        EILEEN P. RAJECKI
    Notary Public, State Of New York
            No. 30-4761614
        Qualified In Nassau County
    Commission Expires March 30, 2018